## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CAPRI WISE,

Plaintiff,

v.

TRANS UNION LLC,

Defendant.

Case No. 3:26-cv-00232

[Removal from Mecklenburg District Court Case No. 25CV052802-590]

## DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Trans Union LLC ("TransUnion"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Mecklenburg District Court to the United States District Court for the Western District of North Carolina. Removal is proper because this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Accordingly, TransUnion removes this action and in support of its Notice of Removal states the following:

1. On August 26, 2025, TransUnion began notifying consumers and regulators of a cyber incident that occurred on July 28 and 29, 2025, involving a third-party application serving TransUnion's United States consumer support operations (the "Data Incident").[1]

2. On October 6, 2025, Plaintiff Capri Wise commenced this action for damages against TransUnion (the "Complaint") in the Mecklenburg District Court, Case No. 25CV052802-

---

[1] The Data Incident is currently the subject of a multidistrict litigation proceeding in the Northern District of Illinois before Judge Gettleman. *See In re: Trans Union, LLC, Customer Data Security Breach Litigation*, MDL No. 3170.

590 ("State Court Action").[2] The Complaint and copies of all process, records, pleadings, and orders filed to date are attached hereto as **Exhibit 1**. In the Complaint, Plaintiff alleges that following the Data Incident, she was "listed on the black web" and "took a financial loss" as a result. (*See generally* Compl.) Plaintiff asserts a cause of action under the Fair Credit Reporting Act ("FCRA"). *Id.* (stating that her complaint was brought "[u]nder the [v]iolation of FCRA"). In the Complaint, Plaintiff seeks $3,000 in damages. *Id.*

3.      This State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because TransUnion has satisfied the procedural requirements for removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

4.      Plaintiff's cause of action arises under FCRA, a federal statute, and is therefore properly removable under federal question jurisdiction because it "aris[es] under the . . . laws . . . of the United States." 28 U.S.C. § 1331; *see also Novic v. Credit One Bank, Nat'l Ass'n*, 757 F. App'x 263, 264 (4th Cir. 2019) (noting removal of state court complaint alleging a FCRA violation is removable to federal district court).

5.      Further, because Plaintiff raises the alleged FCRA violation on the face of the Complaint, her allegations satisfy the "well-pleaded complaint" rule for invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002).

6.      Thus, as the requirements of federal question jurisdiction are met, removal is proper under 28 U.S.C. § 1441(a).

7.      TransUnion has not yet been served with a copy of the summons, and this Notice is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *see*

---

[2]    As of the date of filing, TransUnion has not yet been served with a copy of the Complaint.

*also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391-92 (4th Cir. 2018) (explaining the *Murphy Brothers* rule).

8.      This Court is located in the "district and division" within which the State Court Action is pending in Mecklenburg County, North Carolina, and is therefore the proper court. 28 U.S.C. § 1446(a).

9.      Upon filing this Notice of Removal, TransUnion will furnish written notice to Plaintiff, and will file and serve a copy of this Notice with the Clerk of the Mecklenburg District Court pursuant to 28 U.S.C. § 1446(d).

10.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, the summons and all other process, pleadings, and orders that TransUnion is aware of as of the date of the Notice of Removal are attached hereto as **Exhibit 1**. To the best of TransUnion's knowledge and belief, no other records, pleadings, orders, or other documents have been filed, served, or issued in this case to date. No responsive pleading has been filed by TransUnion.

11.     By removing the action to this Court, TransUnion does not waive any defenses that are available to it under contract or state or federal law. TransUnion expressly reserves all threshold defenses to this action and its right, for example, to move to dismiss, for a more definite statement, or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

WHEREFORE, TransUnion respectfully submits that this action is now properly removed from the Mecklenburg District Court, and is properly before this District Court, and that all further actions should take place before this Court.

DATED:        March 23, 2026

s/ Robert E. Harrington
Robert E. Harrington
N.C. State Bar No. 26967
rharrington@rbh.com
Demi Lorant Bostian
N.C. State Bar No. 54599
dbostian@rbh.com
Robinson, Bradshaw & Hinson, P.A.
600 S. Tryon St., Suite 2300
Charlotte, NC 28202
Telephone: (704) 377-2536

*Counsel for Defendant Trans Union LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF electronic filing system, and I further certify that I served the parties via First Class U.S.

mail, postage prepaid as follows:

> Capri Wise
> 6021 Bagend Lane, Apt. 311
> Charlotte, NC  28216
>
> *Pro Se Plaintiff*

DATED:       March 23, 2026

By: <u>s/Robert E. Harrington</u>
Robert E. Harrington